UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON HOWES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | No. 2: 21-cv-0664 KJN P<br><br>ORDER |

Plaintiff is a county prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Superior Court Judge Bowers, the Vallejo Police Department, the Superior Court and District Attorney Ring.

In claim one, plaintiff alleges that defendant Bowers violated plaintiff's right to equal protection during plaintiff's preliminary hearing regarding a probation violation by allowing a criminal to falsely accuse plaintiff of shooting him (the criminal).  Plaintiff alleges that defendant Bowers then gave the criminal favorable treatment.

In claim two, plaintiff alleges that defendant Bowers violated plaintiff's right to due process by continuing plaintiff's preliminary hearing beyond the 60-day time limit.  Plaintiff alleges that he did not waive time when defendant Bowers continued his preliminary hearing. Plaintiff alleges that the charges against him should be dismissed due to the untimely preliminary hearing.

In claim three, plaintiff alleges that defendant Vallejo Police Department wrongfully arrested plaintiff based on "mere speculation" and had no right to search his family residence. Plaintiff alleges that he did not live at the family residence and that defendant did not have a search warrant.  Plaintiff also alleges that "they" used unnecessary force by jumping on plaintiff's back with their knee and aiming their guns at plaintiff.  Plaintiff alleges that he was "frightened for my life."

As relief, plaintiff seeks immediate dismissal of the charges and money damages.

With respect to plaintiff's claims against defendant Bowers, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts.... Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)).  In his complaint, plaintiff challenges judicial acts taken by defendant Bowers within the jurisdiction of his court.

Accordingly, plaintiff has not stated a potentially colorable claim for relief against defendant Bowers.

The complaint contains no specific allegations against defendant Superior Court. However, defendant Superior Court is a state agency for purposes of Eleventh Amendment immunity. Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (superseded by statute on other grounds). Accordingly, plaintiff has not stated a potentially colorable claim for relief against defendant Superior Court.

The complaint contains no allegations against defendant Ring. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The claims against defendant Ring are dismissed because plaintiff failed to link defendant Ring to any alleged deprivation.

Plaintiff is informed that absolute prosecutorial immunity applies for any action taken within the scope of a prosecutor's adjudicatory duties, including filing charges, initiating prosecution or any conduct integral to the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 421-24 (1976). A prosecutor has absolute prosecutorial immunity for decisions to prosecute as well as whether to dismiss an action. Id. at 431. Plaintiff shall keep these legal standards in mind if he files an amended complaint.

In claim three, plaintiff alleges that defendant Vallejo Police Department wrongfully arrested him. "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). In order to allege a viable Monell claim against the Vallejo Police Department plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).

Plaintiff has not pled sufficient facts in support of a Monell claim against defendant Vallejo Police Department. Accordingly, the claims against this defendant are dismissed.

If plaintiff could state a potentially colorable Monell claim against defendant Vallejo Police Department for wrongful arrest, this claim should be stayed for the reasons stated herein.

5

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87.

<u>Heck</u> extends beyond claims challenging convictions to bar a prisoner's claims for wrongful arrest, i.e., the claims presented by plaintiff in this action. See, e.g., <u>Guerrero v. Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006) (holding that <u>Heck</u> bars plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that <u>Heck</u> bars plaintiff's false arrest and imprisonment claims until conviction is invalidated); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>Heck</u> bars plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest and brought unfounded criminal charges).

<u>Heck</u> does not, however, bar a plaintiff from bringing an action asserting these claims during the pendency of the criminal action. <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94 (2007), explains that such action should instead be stayed:

> [i]f a plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. at 393-94.

Later, "[i]f the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> requires dismissal; otherwise, the case may proceed." <u>Yuan v. City of Los Angeles</u>, 2010 WL 3632810, at *5 (C.D. Cal. Aug. 19, 2010) (citing <u>Wallace</u>, 549 U.S. at 393); <u>Peyton v. Burdick</u>, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and

6

remanding for district court to stay action until pending state court proceedings concluded).

If plaintiff files an amended complaint alleging a potentially colorable wrongful arrest claim against defendant Vallejo Police Department, the undersigned will recommend that this claim be stayed based on the pending charges.

To the extent plaintiff seeks the dismissal of the pending charges, this request for relief is barred by the doctrine of Younger abstention. See Younger v. Harris, 401 U.S. 37, 45-46 (1971). See also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987) (Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts. Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972). See Carden v. Montana, 626 F.2d 82, 83–84 (9th Cir.). Extraordinary circumstances exist where irreparable injury is both great and immediate; for example, where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. Younger v. Harris, 401 U.S. at 46, 53–54.

Plaintiff has not demonstrated that extraordinary circumstances exist justifying federal court intervention in his ongoing state court criminal prosecution.

The undersigned observes that plaintiff has alleged facts suggesting a claim for excessive force during his arrest. As stated above, plaintiff alleges that "they" used unnecessary force during the arrest by jumping on plaintiff's back with their knee and aiming their guns at plaintiff.

A claim of excessive force to effectuate an arrest is analyzed under a Fourth Amendment objective reasonableness standard. Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir.

2001). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). To determine whether force used was "objectively reasonable," the court balances the extent of the intrusion on the individual's rights against the government's need for force under the circumstances, paying "careful attention to the facts and circumstances of each particular case." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002) (quoting Graham, 490 U.S. at 396).

Plaintiff has not plead sufficient facts to state a potentially colorable excessive force claim. Based on the allegations in the complaint, the undersigned cannot determine whether the alleged force used, i.e., jumping on plaintiff's back and aiming the guns at plaintiff, was objectively reasonable or not. In addition, plaintiff does not name as defendants the individuals who used the alleged excessive force. For these reasons, plaintiff's claim for excessive force during his arrest is dismissed with leave to amend.

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff's Department filed concurrently herewith.

8

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 10, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

How664.14

9

| | |
|---|---|
| DAVON HOWES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT, et al.,<br><br>　　　　　Defendant. | No. 2: 21-cv-0664 KJN P<br><br>NOTICE OF AMENDMENT |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　_____　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff