UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON HOWES, | No. 2: 21-cv-00664 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2021, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 5.)

On May 24, 2021, plaintiff filed a document titled, "Amended Complaint." (ECF No. 7.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

In the original complaint, plaintiff named as defendants Superior Court Judge Bowers, the Vallejo Police Department, the Superior Court and District Attorney Ring. (ECF No. 5 at 3.) Plaintiff alleged that defendant Bowers violated plaintiff's right to equal protection during plaintiff's preliminary hearing regarding a probation violation by allowing a criminal to falsely accuse plaintiff of shooting him (the criminal). (Id.) Plaintiff alleged that defendant Bowers then gave the criminal favorable treatment. (Id.)

////

1

In the original complaint, plaintiff also claimed that defendant Bowers violated plaintiff's right to due process by continuing plaintiff's preliminary hearing beyond the 60-day time limit. (Id.) Plaintiff claimed that defendant Vallejo Police Department wrongfully arrested him. (Id.)

In the May 10, 2021 order, the undersigned dismissed the original complaint with leave to amend on the following grounds. The undersigned dismissed the claims against defendant Bowers because he is entitled to judicial immunity. (Id.) The undersigned dismissed the claims against defendant Superior Court because defendant Superior Court is a state agency for purposes of Eleventh Amendment immunity. (Id.) The undersigned found that plaintiff failed to link defendant Ring to the alleged deprivations. (Id. at 4-5.) The undersigned dismissed the claims against defendant Vallejo Police Department because plaintiff did not plead sufficient facts in support of a Monell[1] claim against this defendant. (Id. at 5.) To the extent plaintiff sought dismissal of the pending charges, the undersigned found this request for relief barred by the Younger[2] abstention doctrine. (Id. at 7.) Finally, the undersigned observed that plaintiff alleged facts suggesting a claim for excessive force during the arrest. (Id.) The undersigned advised plaintiff of the legal standard for an excessive force claim. (Id. at 7-8.)

Plaintiff's amended complaint is not prepared on a complaint form. Rather, plaintiff's amended complaint is a one-page long handwritten document containing plaintiff's allegations. Plaintiff appears to name as defendants Judge Bowers and plaintiff's criminal attorney, Claire White. Plaintiff alleges that, during his preliminary hearing, defendant Bowers allowed a criminal to falsify testify that plaintiff shot him (the criminal). Plaintiff alleges that in exchange for this testimony, defendant Bowers granted immunity to the criminal. Plaintiff alleges that he has been in custody for over one year based on the allegedly false testimony. Plaintiff claims that defendant Bowers violated plaintiff's rights under the Confrontation Clause.

Plaintiff alleges that defendant White provided ineffective assistance of counsel at plaintiff's preliminary hearing by failing to object or file any motions in response to defendant

---

[1] Monell v. Department of Social Services, 436 U.S. 658 (1978).

[2] Younger v. Harris, 401 U.S. 37 (1971).

2

Bowers' actions.

Plaintiff's amended complaint does not contain a demand for relief, as required by Federal Rule of Civil Procedure 8(a)(3). For this reason, the amended complaint should be dismissed.

For the reasons stated herein, the undersigned also finds that plaintiff's amended complaint fails to state potentially colorable claims for relief. First, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Whether an attorney representing a criminal defendant is a public defender, court-appointed counsel, or private counsel, he or she does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317–18 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (holding that a claim of ineffective assistance of a retained trial attorney was not a cognizable claim under § 1983 because "an attorney, whether retained or appointed, does not act 'under color of' state law."). Plaintiff fails to state a potentially colorable claim against defendant White because defendant White is not a state actor.[3]

As the undersigned advised plaintiff in the May 10, 2021 order, "[j]udges are immune from damages for judicial acts taken within the jurisdiction of their courts…Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have provided to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). In the amended complaint, plaintiff challenges judicial acts taken by defendant Bowers within the jurisdiction of his court. Accordingly, plaintiff has not stated a potentially colorable claim for relief against defendant Bowers.

---

[3] A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 29 (1980). Plaintiff does not allege any conspiracy or joint action between defendant White and any state actor to violate his constitutional rights.

Because it is clear that plaintiff cannot cure the pleading defects as to his claims against defendants White and Bowers, and no further leave to amend is warranted, the undersigned recommends that this action be dismissed. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming district court's dismissal of the plaintiff's third amended complaint without leave to amend when it failed to cure the pleading deficiencies).[4]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

How664.ame.kc

---

[4] Plaintiff is advised that it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").